*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASIA NICOLE BROWN,

Plaintiff,

v.

HAMILTON POLICE DEP'T, et al.,

Defendants.

Civil Action No. 13-260 (MAS)

OPINION

APPEARANCES:

ASIA NICOLE BROWN, Plaintiff pro se
747 ESTATES BLVD - BG17
MERCERVILLE, NJ 08619

**SHIPP**, District Judge

Plaintiff Asia Nicole Brown ("Plaintiff") seeks to bring this action *in forma pauperis*. Based on her affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed at this time.

I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Hamilton Township Police Department, Ralph Frasco, Jr., David Deleon, Sergeant Michael

Everett, J. Farletto, Officer Anaja and Edward Lugo. The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On August 15, 2011, Plaintiff was arrested and taken into custody by Defendants for shoplifting. (Compl. 1.) About 15 minutes after she was taken into custody, Plaintiff was searched by a female officer, who also gave her two sanitary napkins upon Plaintiff's request. (*Id.* at 5.) Approximately three hours later, Plaintiff states that she requested more feminine products, but her request was denied by Defendants. (*See id.* at 7.) During a verbal exchange with Officer Deleon, he used a racial slur when referring to Plaintiff. (*Id.*) Plaintiff does not make any specific demands for relief in her complaint.[1]

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

---

[1] The Court notes that Plaintiff did submit a "Discovery Plan," wherein she requests case files and information on Defendants. (Compl. 8.) Since the Court is dismissing the Complaint in its entirety, said "plan" is moot.

2

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*). *See also Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012) ("The touchstone of the pleading standard is plausibility ...."). In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

3

secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

B. Analysis

1. Verbal Harassment

It appears that Plaintiff was confined as a pretrial detainee at the time of the alleged conduct and, therefore, the Court will examine Plaintiff's allegations under the test applicable to Fourteenth Amendment Due Process Clause claims. Generally, "the Due Process rights of a [pretrial detainee] are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Reynolds v. Wagner*, 128 F.3d 166, 173 (3d Cir. 1997) (citation omitted). *See also Bell v. Wolfish*, 441 U.S. 520, 544 (1979); *City of Revere v. Massachusetts*, 463 U.S. 239, 244 (1983); *accord Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (citations omitted). The Eighth Amendment sets forth the floor for the standard applicable to the claims of such litigants. *Hubbard v. Taylor*, 399 F.3d 150, 165-67 (3d Cir. 2005). Thus, a failure of prison officials to provide minimally civil conditions of confinement to such individuals violates their right not to be punished without due process of law. *See Reynolds*, 128 F.3d at 173–74.

Allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner. *See Verbanik v. Harlow*, Civil Action No.12-3887, 2013 WL 310237, at *3 (3d Cir. Jan. 28, 2013); *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) and *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)).

4

*See also Jean–Laurent v. Wilkerson*, 438 F.Supp.2d 318, 324–25 (S.D.N.Y. 2006) (pretrial detainee's claim of verbal abuse not cognizable under § 1983 because verbal intimidation did not rise to the level of a constitutional violation); *Glenn v. Hayman*, Civil Action No. 07-112, 2007 WL 894213, at *10 (D.N.J. March 21, 2007); *Stepney v. Gilliard*, Civil Action No. 02-5259, 2005 WL 3338370 (D.N.J. Dec. 8, 2005) ("[V]erbal harassment and taunting is neither 'sufficiently serious' nor 'an unnecessary and wanton infliction of pain' under the common meaning of those terms. 'Verbal harassment or profanity alone ... no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under [Section] 1983") (citations omitted).

Here, Plaintiff does not allege an accompanying violation that might allow the general verbal harassment to state a separate due process violation or equal protection claim. Moreover, Plaintiff does not allege any injury. Therefore, her allegation of harassment is nothing more than the mere recitation of a legal conclusion without factual allegations sufficient at this time to support a claim that the Defendants were verbally harassing Plaintiff as a form of punishment. Consequently, because the alleged verbal harassment of Plaintiff is not accompanied by any injurious actions—or physical actions of any kind—by the correction officials named, Plaintiff fails to state a cognizable § 1983 claim for a violation of her Fourteenth Amendment due process or equal protection rights, and this claim will be dismissed, accordingly, as to all named defendants.

2. **Conditions of Confinement**

As stated above, the Due Process Clause prohibits punishment of a pretrial detainee "prior to an adjudication of guilt in accordance with due process of law." *See Bell*, 441 U.S. at 535. "Under *Bell*, a particular measure amounts to punishment when there is a showing of express

intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." *Bistrian*, 696 F.3d 352, 373 (3d Cir. 2012) (citation and internal quotation marks omitted). "In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007).

Here, Plaintiff alleges that she was denied feminine hygiene products for a matter of mere hours. When she was initially taken into custody, a female officer conducted a search and provided Plaintiff with two sanitary napkins. (Compl. 5.) Hours later, she was transported to the hospital. (*Id.* at 4.) At most, Plaintiff was denied hygiene products for a few hours, which does not suffice to state a claim. *See Adderly v. Ferrier*, 419 F. App'x 135 (3d Cir. 2011) (denying inmate claim involving 7 day alleged denial of showers and personal hygienic material); *Fortune v. Hamberger*, 379 F. App'x 116 (3d Cir. 2010) (denying inmate claim involving 15 day alleged denial of showers and personal hygienic material); *Benjamin v. Fraser*, 161 F.Supp.2d 151, 177 (S.D.N.Y. 2001) (two days without feminine hygiene products and toilet paper did not establish a constitutional violation); *Maxwell v. City of New York*, 108 F. App'x 10, 12 (2d Cir. 2004).

## III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since it is conceivable that Plaintiff may be able to supplement her pleading with facts sufficient to

overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.² An appropriate order follows.

Dated: 6/21/13

                                                                  MICHAEL A. SHIPP
                                                                  United States District Judge

---

² Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*